## LEIGHTON *vs.* WALKER.

In an action of debt to recover the penalty prescribed in the statute of Dec. 23d, 1820, for taking illegal fees,—*held,* that the suit could not be sustained, on the ground that the section of the act on which the suit was founded had been repealed by the act of July 2d, 1831.

Where entire provisions of a statute are revised by a subsequent act, such provisions are repealed by the latter statute.

Where the mode of enforcing the penalty of an offence is varied, and the penalty is increased, the latter act will repeal the former.

THIS was debt against the defendant, a justice of the

peace, to recover of him a penalty of $30, under the statute of December 23d, 1820, for demanding and receiving of one Stephen Leighton greater fees than were allowed by law, for the copies of a case in favor of Geo. S. Evans against said Stephen Leighton, which had been tried before said Walker, and carried by appeal to the court of common pleas. Plea, *nil debet.*

On the trial, it appeared that the suit in favor of Evans *vs.* Stephen Leighton had been entered and tried before the defendant, he being a justice of the peace, and an appeal taken, as alleged in the declaration—that, after the appeal, said Stephen requested the defendant to make out the copies of the case, which was done, and that when said Stephen took them, on the 9th of January, 1834, the defendant demanded the sum of two dollars for said copies, which said Stephen paid without any objection—and it farther appeared, on reckoning the number of words, counting each paper in the case by itself, and allowing for pages and parts of pages accordingly, and counting the figures as words, when they made words, that the fees for the copies would have amounted to less than said sum. The defendant objected, that the action could not be sustained, because the fees were paid without any objection, and that there was no evidence that the defendant took them knowing the amount to be greater than he was entitled to—and farther, that the clause in the statute, upon which this action is founded, was repealed by the statute of July 2d, 1831. A verdict was taken for the plaintiff, for the penalty demanded, subject to the opinion of the superior court upon the foregoing case; which verdict was to be set aside, and judgment entered for the defendant, if the court should so order.

*Merrill* and *Bartlett*, for plaintiff.

*Norris* and *Christie*, for defendant.

UPHAM, J. This action is founded upon the remedial pro-

vision of the 3d section of the statute of December 23d, 1820, entitled "an act regulating fees," (1 *Laws N. H.* 323,) and the only question which is now urged in the case is, whether this provision of the statute is still in force, or has been repealed by the act of July 2d, 1831.

The 3d section of the act of 1820 provides, " that if any per- 'son or persons, entitled to fees under the act, shall demand 'and take any greater fee or fees for any of the services men- 'tioned in the act, than is therein and thereby provided and 'declared, he or they shall forfeit and pay to the person or 'persons *suing for the same,* the sum of *thirty dollars* for 'every such offence." And the 4th section provides, that the mode of process for the recovery of damages which may accrue for offences committed under the act, may be by ac- tion of debt, or by complaint to the grand jury for the county in which the offence was committed; but in case of prose- cutions under this act by complaint to the grand jury, the penalty which may be recovered shall be for the use of the county in which the offence was committed.

The act of July 2d, 1831, is an act in addition to the act regulating fees, and provides "that the persons entitled to 'receive fees under any of the provisions of said act, shall, 'on receiving such fees, if required by the person paying such 'fees, make out and deliver unto him a particular statement 'of the items of such services, with the sum or sums de- 'manded and received therefor, and shall receipt the same ; 'and if any of the persons entitled to receive such fees shall 'knowingly and wilfully demand and receive any more or 'greater fees for any services by them performed, than is al- 'lowed them by law, they shall forfeit and pay *the sum of* '*fifty dollars* for every such offence, to be sued for and recov- 'ered *by the person injured,* in the same way and manner as 'is provided by the act to which this is an amendment."

It seems clearly to have been the design of the legislature to revise the penal sections of the act of 1820, and to pro- vide surer means to enforce the penalty for the taking of ille-

gal fees; but where the design to revise a statute clearly appears, the former statutes are to be considered as no longer in force, though not expressly repealed. 3 *Green.* 22, *Towle* vs. *Manett.*

In the case *Bartlett & al.* vs. *King*, 12 *Mass.* 545, it is said that a subsequent statute, revising the whole subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law, as well as in reason and common sense, operate to repeal the former.

In the case of *The King* vs. *Cator*, 4 *Burr.* 2026, it was decided that a former statute, inflicting a penalty of £100 and three months' imprisonment on persons enticing away artificers, was virtually repealed by a subsequent statute, inflicting £500 penalty and twelve months' imprisonment for the same offence. The same principle is adopted in the case of *The King* vs. *Davis*, 1 *Leach's cases* 306.

*Nichols* vs. *Squire*, 5 *Pick.* 168, is a similar case. There, by the statute of 1817, the selling of tickets in any lottery not granted or permitted by the commonwealth, was prohibited under a new penalty; and it was holden by the court, "that where the legislature impose a second penalty for an offence, whether smaller or larger than the former one, a party cannot be allowed to sue on one, or the other, at his option, and that the original act is repealed by implication."

Under the statute of 1831, the penalty for taking illegal fees is increased from thirty to fifty dollars, and this penalty is to be collected only by the person injured; while, under the former act, any person suing for the same was entitled to the penalty. The remedy in other respects is to be pursued in the same way and manner as is provided in the original act; that is, either by action of debt, or by complaint to the grand jury for the county in which the offence was committed, when the increased penalty would go for the use of the county.

The provisions of this act, then, so far as they go to fix

the penalty and prescribe by whom it may be enforced, is an entire substitute for the original act, and a repeal of the same. As this suit, then, is founded on provisions of the original act which are repealed, the action cannot be sustained, but, according to the agreement of the parties, the verdict must be set aside, and

*Judgment entered for the defendant.*